```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Jaime Montes-Montes,              :

      Petitioner,            :

    v.                           :     Case No. 2:11-cv-87

Federal Bureau of Prisons,        :     JUDGE MICHAEL H. WATSON
                                                        Magistrate Judge Kemp
      Respondent.            :

## REPORT AND RECOMMENDATION

    Petitioner, a federal prisoner housed at the Northeast Ohio Correctional Center in Youngstown, Ohio, has filed a habeas corpus petition in this Court pursuant to 28 U.S.C. §2241. He has also requested leave to proceed *in forma pauperis.* His petition seeks review of a decision of the Bureau of Prisons which denied his request for a transfer to a federal correctional facility in California.

    28 U.S.C. §2241(a) allows district judges to grant writs of habeas corpus "within their respective jurisdictions." This language has been interpreted to mean that a writ of habeas corpus may be issued "'only in the district of confinement.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004), quoting Carbo v. United States, 364 U.S. 611, 618 (1961). Petitioner is not confined in the Southern District of Ohio, but the Northern District. Therefore, no district judge in this district has jurisdiction to issue the requested writ.

    Based on this absence of jurisdiction, it is recommended that this case be transferred to the United States District Court for the Northern District of Ohio at Youngstown. See 28 U.S.C. §1631 (if a case is filed in a court which lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action to any other such court in which the action ... could have been brought at the time it was filed ..."). Because this

Court does not have jurisdiction, the Court makes no ruling on the request for leave to proceed *in forma pauperis* nor any determination of the merits of the petition.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge

-2-